FREDERICK H. RICHARDSON *vs.* THE NARRAGANSETT ELECTRIC COMPANY.

MAY 14, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

Condon, C. J. This is an action of trespass on the case for negligence which was tried to a jury in the superior court and resulted in a verdict for the defendant. Thereafter the plaintiff moved for a new trial on the usual grounds, including newly discovered evidence, and the trial justice denied the motion. The case is here on the plaintiff's bill of exceptions containing his exception to such denial and two other exceptions to rulings on the admission of evidence.

The case arose as the result of certain events which followed a gas explosion in a dwelling house on Water street in the town of Warren on February 1, 1954 at about 6:15 p.m. The house was served with gas by defendant. The plaintiff lived in the first-floor tenement of a house about 120 feet away on Shell Alley. The defendant served the second-floor tenement with gas but did not serve plaintiff's tenement although the service meter was located therein. Upon entering their tenement at about 4:45 p.m. plaintiff and his wife detected the odor of gas. The plaintiff reported this fact to defendant and thereupon two of its servicemen examined the meter. They found a flutter therein which they told plaintiff they had taken care of, after which no odor was noticed until after 6 p.m. when the aforementioned explosion occurred. The plaintiff thereafter requested defendant to shut off the gas and was away from his tenement until approximately 9:30 p.m. About 10:45 p.m. he observed that fire had broken out in the tenement and as a result his furniture and other personal property were damaged and destroyed.

The plaintiff alleged in six separate counts of the declaration that his loss was due to defendant's negligence, vari-

ously described in each of such counts. The defendant pleaded the general issue and the trial proceeded on all counts until the conclusion of plaintiff's evidence at which time defendant moved for a nonsuit. The trial justice granted the motion on all counts except the fifth. The plaintiff did not except to this ruling but on the contrary apparently accepted it and filed a new declaration on May 3, 1956, the last day of the trial. Thereafter the trial proceeded solely on such count.

That count substantially alleges that defendant had notice that gas was escaping from its pipe line in the area around plaintiff's home or in the exercise of due care should have had such knowledge; that it became and was its duty to use reasonable care after such notice not to further transmit gas until the defect in its pipe line was repaired or until it could determine with reasonable certainty that the escape of such gas would not endanger the lives and property of other persons; that in disregard of its duty defendant negligently failed to discontinue transmission of its gas; and that as a proximate result of such negligence quantities of the gas collected and exploded in his, plaintiff's, house and damaged and destroyed his furniture and other personal property.

The jury by its verdict apparently found that plaintiff's evidence failed to prove that defendant was negligent in the manner and form in which he had complained against it in his declaration. The plaintiff in his motion for a new trial alleged that such verdict was against the law and the evidence and the weight thereof. He also alleged that he had discovered new and material evidence, the tenor of which he set forth in several affidavits accompanying his motion. The trial justice considered each of those grounds in a carefully prepared rescript and rejected them insofar as the fifth count was concerned. However, on the authority of *Murad* v. *New York, N. H. & H. R. R.*, 34 R. I. 312, he then proceeded to consider the ground of newly discov-

ered evidence in connection with counts 1, 2, 3, 4 and 6 on which plaintiff had been adjudged nonsuit. He finally decided that on none of those counts should a new trial be ordered on the basis of the affidavits of newly discovered evidence.

In support of his exception to the denial of his motion, plaintiff did not contend here that the trial justice's decision was erroneous insofar as it rejected the grounds that the verdict was against the law, the evidence, and the weight thereof. Nor did he argue that the trial justice erred in rejecting the newly discovered evidence as a ground for a new trial on the issue that went to the jury under the fifth count. His brief on this point is directed solely to the alleged error in rejecting such evidence as a ground for a new trial on the issues raised in counts 1, 2, 3, 4 and 6. We have carefully read the trial justice's rescript and noted his reasons for rejecting the new evidence. If it were necessary for us to pass upon such reasons in order to sustain his decision we would be inclined to agree with him, but in our opinion there is no such necessity because counts 1, 2, 3, 4 and 6 were not properly before him on plaintiff's motion for a new trial. In other words we are of the opinion that he has misapplied *Murad* v. *New York, N. H. & H. R. R.*, *supra*.

That case simply stands for the following proposition. A bill of exceptions is timely and not subject to a motion to dismiss where notice of intention to prosecute such bill was filed within seven days after denial of the plaintiff's motion for a new trial, notwithstanding three of the grounds thereof were invalid and the fourth for newly discovered evidence was never perfected by filing supporting affidavits. The defendant had contended that because the fourth ground had never been perfected this was tantamount to rendering the motion a nullity and therefore the time for filing notice to prosecute a bill of exceptions began to run from the date of the decision adjudging the plaintiff non-

suit. The court rejected that contention saying that the plaintiff's failure to perfect the fourth ground of the motion did not render the motion void *ab initio*. It should also be noted that in that case the declaration was in one count and that the plaintiff had duly excepted to the ruling adjudging him nonsuit thereon.

In the case at bar the trial justice was confronted with a different problem. The plaintiff had been adjudged nonsuit on counts 1, 2, 3, 4 and 6 and had failed to except to such ruling. Those counts, therefore, were no longer in the case either for the consideration of the jury or the trial justice. Thereafter the only declaration in the case was the one filed on May 3, 1956. The declaration in six counts which was originally filed, although it remained among the papers in the case, ceased to be a part of the pleadings as far as the trial on the merits was concerned. The plaintiff's motion for a new trial could operate only upon the case that had been tried under the new state of the pleadings, and therefore the trial justice was confined in his consideration of the fourth ground of the motion as well as the other grounds thereof to the case as it was actually tried and given to the jury.

Where as in the instant case plaintiff is adjudged nonsuit as to certain counts of the declaration and he does not except to such ruling and files a new declaration without such counts, the status of the case is analogous to one where a declaration has been amended. In such a case the law in this state is settled, namely, that the original pleading drops out of the case and ceases to be a part of the record. *Rott* v. *Blackstone Valley Gas & Electric Co.*, 82 R. I. 111; *Conway* v. *Marsh*, 79 R. I. 254; *Waterman* v. *Hero*, 54 R. I. 377; *Ilczyszyn* v. *Mostecki*, 43 R. I. 523; *Neri* v. *Rhode Island Co.*, 42 R. I. 229; *Wilson* v. *New York, N. H. & H. R. R.*, 18 R. I. 598. For this reason the motion for a new trial on counts 1, 2, 3, 4 and 6 was properly denied. As to count 5 the plaintiff has failed to show wherein the trial

justice erred in denying the motion, and therefore his exception to such denial is overruled.

The only other exception which plaintiff has briefed is to the admission of testimony of a certain witness for defendant, its distribution engineer, expressing an opinion on facts which plaintiff claims are not in the record. This exception is based on plaintiff's assumption that the witness was testifying as an expert in answer to a hypothetical question. The defendant contends such assumption is unfounded since the witness had already testified to the facts from his personal knowledge as a result of his own investigations and that he was being interrogated solely with reference to a certain conclusion which he deduced from those facts. We are of the opinion that the trial justice did not err in allowing such testimony, since the question propounded was not, in the circumstances, a true, hypothetical question which would have depended for its admissibility on meeting the requirements argued for by the plaintiff. In our opinion *Henderson* v. *Dimond,* 43 R. I. 60, and *Souza* v. *United Electric Rys.,* 51 R. I. 124, which are relied upon by the plaintiff, are not in point on the state of facts in the instant case. This exception is overruled. The other exception not briefed or argued is deemed to be waived.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Milton G. Johnson, Melvin L. Zurier,* for plaintiff.

*Higgins & McCabe, Eugene V. Higgins,* for defendant.